UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSALINDA TORRES )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC )<br>   Defendant. )<br>) | Case No. 1:24-cv-00555 |

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Rosalinda Torres, an individual consumer, against Defendant, Portfolio Recovery Associates LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3. Venue in this District is proper in that the Defendant transacts business in Austin, Travis County, Texas, and the conduct complained of occurred in Austin, Texas.

## III. PARTIES

4. Plaintiff is a natural person residing in Austin, Texas.

1

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant is a Virginia corporation with its registered agent for service of process as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

7. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

8. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## IV. FACTS OF THE COMPLAINT

10. On or about December 4, 2023, Plaintiff reviewed her credit report and observed a tradeline from Defendant in the amount of $2,348.00 allegedly owed to Citibank.

11. On or about January 3, 2024, Plaintiff mailed a letter to Defendant via certified mail disputing the alleged debt.

12. Within the dispute letter, Plaintiff informed Defendant that the only convenient way to contact her was email and provided her email address.

13. Defendant received Plaintiff's dispute letter on January 11, 2024.

14. On or about February 6, 2024, Plaintiff received a letter from Defendant via mail at her home address in response to Plaintiff's dispute letter despite Plaintiff's clear,

written instruction that email was the only convenient place to communicate with her about the alleged debt.

15. Plaintiff has suffered actual damages as a result of these illegal collection tactics by Defendant in the form of intrusion upon seclusion, invasion of privacy, embarrassment, loss of productive time, emotional distress, frustration, anger and humiliation amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. §1692c(a)(1)

16. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

17. Defendant's debt collection efforts violated the FDCPA, particularly §1692c states:

   (a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
   (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

18. Defendant violated 15 U.S.C §1692c(a)(1) of the FDCPA by communicating with Plaintiff at a place Defendant knew or should have known was no longer convenient for Plaintiff.

19. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

20. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI.     JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 25, 2024

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
thlegalconsulting@gmail.com

*ATTORNEY FOR PLAINTIFF*